# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-5111 |
| | : | |
| KEEFE GROUP, | : | |
| Defendant. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                     **December 6, 2018**

Our public dockets show Charles Talbert sues someone involved with prisons after each of his frequent jail terms; he sues dentists, complaining citizens, wardens, correctional officers, and now the company providing food and commissary products for sale to inmates in the Philadelphia prisons. Charles Talbert, allegedly now residing at 1219 Barringer Street in Philadelphia[1], sues Keefe Group alleging it unlawfully overcharged him for commissary purchases during his recent stays in Philadelphia prisons. He does not plead personal knowledge of the prices in other prisons. Undeterred by facts, he boldly concludes the prices he paid in the Philadelphia prison system are much higher than hypothetical prices paid in the Commonwealth's prison system. He feels he is not getting his money's worth while in Philadelphia prisons. Mr. Talbert seeks to proceed *in forma pauperis*. We grant Mr. Talbert leave to proceed *in forma pauperis* and will dismiss his Complaint with leave to amend should he be able to plead claims consistent with this Memorandum.

## I. Allegations

Mr. Talbert alleges Keefe Group provides commissary services to inmates in the custody of the Philadelphia Department of Prisons ("PDP"). The gist of Mr. Talbert's allegations is Keefe

unlawfully inflates prices to overcharge inmates incarcerated within the PDP for basic commissary items based on his understanding of the prices inmates pay in Commonwealth prisons. Keefe apparently provides commissary services to both Philadelphia and Commonwealth facilities.

Mr. Talbert alleges Keefe charges inmates within the custody of the Pennsylvania Department of Corrections at half the price it charges inmates incarcerated in Philadelphia County jails for the same commissary items. He claims this different pricing violates his rights to equal protection and otherwise violates federal anti-trust law.

Mr. Talbert supposes the reason for this price disparity is "Keefe won[']t sell its items to inmates within DOC at a high price, as it would PDP inmates, because it knows that they wouldn[']t have to buy food items at the DOC, since the food is edible and tasty; while Keefe knows that it can depend on inmates to spend whatever amount on food products within the PDP, due to the fact that most inmates refuse to eat the regularly served gruel."[2] Mr. Talbert argues Keefe takes advantage of the poor-quality food within the PDP to charge inmates excessive prices.

Mr. Talbert alleges between January 1, 2016 and October 10, 2018, presumably as a result of his numerous incarcerations in Philadelphia jails, Keefe's policy "coerced [him] into spending approximately $2,000.00 on commissary items (e.g. hygiene and food products), from Keefe, by economic force, causing economic discrimination, due to the fact that, approximately $1,000.00 of the aforementioned $2,000.00 was price-fixed."[3] He claims Keefe is liable for "price discrimination," "market manipulation," "unlawful imposition of sales tax" (apparently because he believes the inflated prices are equivalent to a tax), and violating the Equal Protection Clause of the Fourteenth Amendment.[4]

2

**II.     Analysis**

We grant Mr. Talbert leave to proceed *in forma pauperis* because it appears he is not capable of paying the fees necessary to commence this most recent action. Congress requires we dismiss the Complaint if Mr. Talbert fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard we apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[5] We may determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] Conclusory statements and naked assertions do not suffice.[7] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[8] As Mr. Talbert is proceeding *pro se*, we construe his allegations liberally.[9]

### *No Equal Protection claim.*

We liberally construe Mr. Talbert alleging an Equal Protection claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[10] The Equal Protection Clause requires all similarly situated individuals be treated alike.[11] Because prisoners do not constitute a protected class for Fourteenth Amendment purposes,[12] and because there is no constitutional right to purchase food from a prison commissary,[13] Mr. Talbert's equal protection claim is governed by rational basis review.

Philadelphia inmates are not similarly-situated with Commonwealth inmates. Different facilities. Keefe possessed a rational basis for treating the inmate populations differently. Mr.

3

Talbert alleges the food within the Philadelphia prisons does not taste good, which allows Keefe to charge more for commissary items in Philadelphia prisons than it would for those same items in the Commonwealth prisons, where inmates have less need for commissary because the food tastes better. Philadelphia jails are subject to different governance and serve a different inmate population than state prisons. It is rational for Keefe to treat the populations differently. Mr. Talbert does not plead an Equal Protection claim.

### *No antitrust claim.*

Mr. Talbert also appears to claim Keefe violated federal antitrust laws. We understand Mr. Talbert to be alleging a claim for illegal price discrimination under § 2(a) of the Clayton Act, commonly referred to as the Robinson-Patman Act.[14] "By its terms, the Robinson–Patman Act condemns price discrimination only to the extent that it threatens to injure competition."[15] "The availability of statutory defenses permitting price discrimination when it is based on differences in costs, changing conditions affecting the market for or the marketability of the goods concerned, or conduct undertaken in good faith to meet an equally low price of a competitor, confirms that Congress did not intend to outlaw price differences that result from or further the forces of competition."[16]

Although Mr. Talbert alleges the Philadelphia prisons charged him more than Commonwealth inmates for similar items, he has not alleged Keefe engaged in anti-competitive conduct or caused a competitive injury envisioned by the Robinson-Patman Act. Rather, the Complaint reflects the realities of the market in the Philadelphia prisons are different from the Commonwealth's prisons, which Mr. Talbert admits is responsible for the price differentials in

4

question. As nothing in the Complaint suggests a basis for a price-discrimination claim or another violation of federal antitrust laws, we dismiss these claims as well.[17]

**III. Conclusion**

We dismiss Mr. Talbert's complaint. Mr. Talbert will not be given leave to amend an Equal Protection or Robinson-Patman Act claim because amendment of those claims is futile. We allow Mr. Talbert leave to amend if he can plead another theory of liability within our limited jurisdiction arising from Keefe's services allegedly harming him.

---

[1] ECF Doc. No. 2, p.2. Mr. Talbert moves his filing addresses depending on his case. In Nos. 18-1501, 18-1620, 18-2270 and 18-2518, he represented a change of address to 1115 E. Barringer Street as of August 16, 2018. An August 20, 2018 letter to this 1115 E. Barringer address returned undeliverable. No. 18-1620, ECF Doc. No. 27. As of September 28, 2018, Mr. Talbert refused to provide a street address and only provided an e-mail address. No. 18-1501, ECF Doc. No. 27. He also alleges in another case of being incarcerated in a Philadelphia prison as of September 29, 2018. No. 18-5112, ECF Doc. 2. In his most recent cases filed in late November and now challenging prison life, he resides at 1219 E. Barringer Street. No. 18-5112, ECF Doc. No. 2. We remind Mr. Talbert he must provide the Court with a current valid address for service.

[2] ECF Doc. No. 2 at 5.

[3] *Id.*

[4] *Id.* at 3.

[5] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[7] *Id.*

[8] Fed. R. Civ. P. 12(h)(3).

[9] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[10] *West v. Atkins*, 487 U.S. 42, 48 (1988).

5

[11] *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

[12] *See Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001).

[13] *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

[14] *See* 15 U.S.C. § 13(a).

[15] *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 220 (1993); *Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc.*, 63 F.3d 1267, 1271 (3d Cir. 1995) ("Price discrimination standing alone" is not illegal under the statute *per se*, rather "in order to establish a *prima facie* violation of section 2(a), 'a reasonable possibility of harm, often referred to as competitive injury, must be shown.'" (quoting *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990))).

[16] *Brooke Grp. Ltd.*, 509 U.S. at 220 (internal quotations and citations omitted).

[17] In the event Mr. Talbert sought to bring claims under Pennsylvania law based on allegations Keefe imposed unlawful sales tax or any other allegations, he has not adequately plead a basis for our subject matter jurisdiction.