# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-5111 |
| | : | |
| KEEFE GROUP, | : | |
| Defendant. | : | |

## MEMORANDUM

**KEARNEY, J.**  January 9, 2019

Philadelphian Charles Talbert sues Philadelphian Keefe Group for unlawfully charging him for commissary purchases during his prison stay in Philadelphia. We granted Mr. Talbert leave to proceed *in forma pauperis*, dismissed his Complaint for failure to state a federal claim, and gave him leave to file an amended complaint.[1]

Mr. Talbert timely returned with a "Motion to Amend Complaint," attaching a proposed amended Complaint.[2] We deny his Motion as moot because we already granted leave for an amended complaint. We treat his proposed amended Complaint as his amended Complaint. We dismiss the amended Complaint without further leave to amend as we lack subject matter jurisdiction to resolve an unjust enrichment claim between the parties.

**I.    Facts**

In his initial Complaint, Mr. Talbert swore Keefe is a corporation with a Philadelphia address which provides commissary services to inmates in the custody of the Philadelphia Department of Prisons ("PDP").[3] Mr. Talbert alleged Keefe unlawfully inflated prices to overcharge inmates incarcerated within the PDP for basic commissary items.

Mr. Talbert alleged Keefe charges inmates within the custody of the Pennsylvania Department of Corrections half the price it charges inmates incarcerated in Philadelphia County jails for the same commissary items. Mr. Talbert added the reason for this price disparity is "Keefe won[']t sell its items to inmates within DOC at a high price, as it would PDP inmates, because it knows that they wouldn[']t have to buy food items at the DOC, since the food is edible and tasty; while Keefe knows that it can depend on inmates to spend whatever amount on food products within the PDP, due to the fact that most inmates refuse to eat the regularly served gruel."[4] Mr. Talbert contended Keefe takes advantage of the poor-quality food within the PDP to charge inmates excessive prices.

Mr. Talbert alleged between January 1, 2016 and October 10, 2018, presumably as a result of his numerous incarcerations in Philadelphia jails, he was "coerced into spending approximately $2,000.00 on commissary items (e.g. hygiene and food products), from Keefe, by economic force, causing economic discrimination, due to the fact that, approximately $1,000.00 of the aforementioned $2,000.00 was price-fixed."[5] He claimed Keefe is liable for "price discrimination," "market manipulation," "unlawful imposition of sales tax" (apparently because he believes the inflated prices are equivalent to a tax), and violating the Equal Protection Clause of the Fourteenth Amendment.[6] Mr. Talbert initially sought damages in excess of $75,000.

After granting Mr. Talbert leave to proceed *in forma pauperis*, we dismissed his Complaint for failure to state a claim.[7] We explained he failed to state an equal protection claim because prisoners are not a protected class and, in any event, Philadelphia inmates are not similarly situated to inmates who are confined in state custody.[8] We also explained Mr. Talbert failed to allege a basis for an anti-trust violation because he failed to allege Keefe engaged in anti-competitive conduct or caused a competitive injury.[9] Rather, Mr. Talbert's allegations reflected different prices

2

in the different prison systems because the market for the products differed. We dismissed those claims with prejudice but permitted Mr. Talbert to file an amended complaint if he could allege another basis for a claim within our limited jurisdiction.[10]

Mr. Talbert's amended Complaint is based on essentially the same facts, but he now shifts to a state law theory of unjust enrichment. Mr. Talbert's theory of liability appears to be Keefe "knowingly abused the 'tax system,' to demonstrate unjust enrichment" by charging inmates incarcerated within the Philadelphia Prison System higher prices than inmates confined within the Pennsylvania Department of Corrections.[11] As a result of the conduct, Mr. Talbert alleges he was "illegally made" to spend "unreasonable amounts of money."[12] He now seeks $80,000 in damages, although he admits spending $2,000 in commissary purchases.[13]

## II. Analysis

Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the amended Complaint if Mr. Talbert fails to state a claim. We determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14] Conclusory statements and naked assertions will not suffice.[15] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[16] As Mr. Talbert is proceeding *pro se*, we construe his allegations liberally.[17]

Mr. Talbert is not alleging a federal claim. He is seeking damages for an unjust enrichment claim under state law.

The only independent basis for our jurisdiction over this unjust enrichment claim is under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity,"

3

which in turn requires that "no plaintiff be a citizen of the same state as any defendant."[18] An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.[19] A corporation, such as Keefe, is a citizen of the state in which it is incorporated and where it has its principal place of business.[20]

Mr. Talbert does not allege a basis for subject matter jurisdiction over this unjust enrichment claim. He does not allege the parties' citizenship. It is not clear from the face of the amended Complaint he would be entitled to $80,000, especially in light of his earlier contention of spending $2,000 on commissary items. But we lack diversity of citizenship. Mr. Talbert represented Keefe is in Philadelphia.[21] We dismiss his amended Complaint for lack of subject matter jurisdiction.

## III. Conclusion

We dismiss the amended Complaint for lack of subject matter jurisdiction in the accompanying Order.

---

[1] ECF Doc. Nos. 4 & 5.

[2] ECF Doc. No. 6.

[3] ECF Doc. No. 2.

[4] ECF. Doc. No. 2 at 5.

[5] *Id.*

[6] *Id.* at 3.

[7] ECF Doc. No. 5.

[8] ECF Doc. No. 4.

4

[9] *Id.*

[10] We noted if Mr. Talbert intended to raise state law claims, he had not adequately pled a basis for the Court's jurisdiction.

[11] ECF Doc. No. 6-1 ¶ 6.

[12] *Id.* ¶ 7.

[13] It is not clear how Mr. Talbert would be entitled to $80,000 in damages in light of his allegation in his initial Complaint of spending approximately $2,000 on commissary during the relevant time period.

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[15] *Id.*

[16] Fed. R. Civ. P. 12(h)(3).

[17] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[18] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[19] *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

[20] *See* 28 U.S.C. § 1332(c)(1).

[21] ECF Doc. No. 2, p. 2.